# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREA E. BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-219-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Andrea E. Byrd requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]"  *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that she is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied.  If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work.  At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born April 17, 1967, and was forty-one years old at the time of the administrative hearing (Tr. 24-25). She graduated high school (Tr. 25), and has no past relevant work (Tr. 28, 44). The claimant alleges inability to work since May 16, 2007, due to a left knee injury, problems with her foot, and depression. (Tr. 100).

## Procedural History

On May 16, 2007, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 91-92). Her applications were denied. ALJ Charles Headrick conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 22, 2009 (Tr. 14-20). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform medium work. (Tr. 17). The ALJ concluded that although the claimant had no past relevant work, she was nevertheless not disabled because there was work she could perform in the regional and national economies, *e. g.*, dishwasher, bench assembler, or semi-conductor assembler. (Tr. 19).

## Review

The claimant contends that the ALJ erred: (i) by failing to fully develop the record; (ii) by failing to include all her impairments at step 5; (iii) by failing to properly evaluate medical evidence concerning her mental health status; and (iv) by failing to properly evaluate her credibility.  Because the ALJ wholly failed to account for the evidence as to the claimant's mental health, specifically numerous Global Assessment of Functioning ("GAF") scores, the decision of the Commissioner should be reversed.

The medical evidence reveals that the claimant had the severe impairments of status post arthroscopy of the left knee, impingement syndrome of the right shoulder, and obesity. (Tr. 16).  The relevant evidence further reveals that the claimant received mental health treatment with CREOKS Mental Health in Okmulgee, Oklahoma.  Dr. Vanessa Werrla noted in her June 17, 2008 assessment that the claimant had "limited cognitive capacity," an inability to read, and that she had "noticeable cognitive deficits, appearing to have at least a Borderline Intellectual Functioning level."  (Tr. 392, 398).  Dr. Werlla then assigned the claimant a GAF of 46.  (Tr. 397).  On July 15, 2008, Dr. Werlla again noted that the claimant appeared to have low intellectual functioning and had very poor insight.  (Tr. 400).  From August 2008 to August 2009, the claimant was assessed for GAF scores three times, which ranged from 44-45.  (Tr. 386, 535, 605).  The August 2009 evaluation also stated that the claimant "depends on her mother or children to prepare food, wash clothes, clean house and arrange/provide transportation.  [Claimant] can feed and bath herself, [but] neglects personal hygiene when depressed and stressed 1-2x/wk, duration 2-3 years, moderate."  (Tr. 610).

At the administrative hearing, the claimant testified that she couldn't "read that good," meaning that she could not read well enough to read the newspaper or fill out her social security application, but that she could read Dr. Seuss to her nieces and nephews. (T.r 26). As to her physical impairments, she testified that she experienced pain in her hips, back, and knees, and that she uses a cane for balance. Additionally, she testified that she could walk less than a block, that she had problems with her toes that required surgery, and that she had had surgery on her left knee. She also stated that she had difficulty with her hands, including opening jars, as well as with getting dressed and taking showers. Her mother and sister fixed her meals, cleaned the house, and did her laundry. (Tr. 30-33, 41-42). The claimant's sister testified that the claimant had problems with anger, and cried frequently. (Tr. 38-39). Additionally, the vocational expert ("VE") testified that a person such as the claimant, *i. e.*, a 41-year-old female with a high school education, and a moderately limited ability to read, and the physical capacity to perform work at a medium exertional level, could perform a number of available jobs. After further questioning, the VE testified that a person with the above-mentioned limitations, who also had a GAF of 46 "over a consistent period of time" would be unable to maintain work. (Tr. 44-45, 47). The ALJ then stated, "If I'm unable to render a favorable opinion, I will order a psychological evaluation with a mental medical source statement." (Tr. 47).

In his written decision, the ALJ summarized the claimant's hearing testimony, and stated that "objective medical evidence" showed X-rays of the claimant's lumbar spine, left knee, right ankle, feet, and thoracic spine that were either normal or showed

"minimal degenerative change." (Tr. 17-18). He noted that she used a cane, but that one had not been prescribed; that her treating physician had stopped treating her after she missed four appointments; and that she had attended continuing education classes in 2006 and had pushed a riding lawnmower out of a ditch in 2007, which indicated she was more active than alleged. (Tr. 18). The ALJ's sole reference to any mental impairment of the claimant was at step two, where he noted only mild restrictions and difficulties, citing two state reviewing physicians' opinions that predated her treatment at CREOKS Mental Health. (Tr. 16, *citing* 281-93, 374). Because "the claimant's treating physicians did not place any functional restrictions on her activities that would preclude medium work activity," the ALJ found that she had the RFC for medium work, as two state experts had also determined. (*Id.*).

All four of the claimant's GAF scores from June 2008 to August 2009 were between 44 and 46. "[A] GAF score between 41 and 50 indicates [s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e. g., no friends, inability to keep a job)." *Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [quotation omitted] [unpublished opinion]. "Although the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job," *Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) [unpublished opinion], "[a] GAF score of fifty or less . . . *does* suggest an inability to keep a job." *Lee*, 117 Fed. Appx. at 678 [emphasis added], *citing Oslin*, 69 Fed. Appx. at 947. Thus, the ALJ should have considered whether the claimant's substandard GAF scores were due to occupational factors. *See, e. g., Givens v.*

--6--

*Astrue*, 251 Fed. Appx. 561, 567 n. 4 (10th Cir. 2007) (noting that "the Commissioner argues that a low GAF score may indicate problems that do not necessarily relate to the ability to hold a job[,]" but finding that "[e]ven assuming this is true, the ALJ's decision does not indicate he reached the conclusion that Ms. Givens' low GAF score was due to non-occupationally-related factors.") [quotation marks omitted] [unpublished opinion]. Instead, the ALJ wholly ignored all of the claimant's mental health evaluations aside from the opinions of the state agency physicians.

Because the ALJ failed to properly analyze whether the claimant's substandard GAF scores reflected occupational limitations, the decision of the Commissioner should be reversed and the case remanded for further analysis. If such analysis results in changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma